*Issues & Appeals*

February 24, 2025

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Cantero v. Bank of America, N.A.*, No. 21-400; *Hymes v. Bank of America, N.A.*, No. 21-403; Rule 28(j) response letter – *In re Capital One Savs. Acct. Int. Rate Litig.*, 2024 WL 4753821 (E.D. Va. 2024).

Dear Ms. Wolfe:

Bank of America contends that an out-of-circuit district-court decision supports its expansive preemption rule—a rule that is indistinguishable from the rule rejected by the Supreme Court in this very case. Bank of America is mistaken.

The court in *Capital One* held that the claims there "d[id] not seek to impose mandatory interest rates on national banks" and were not preempted. 2024 WL 4753821 at *10. The court opined in dicta, however, that if the claims had sought to require a mandatory interest rate for savings accounts (meaning, even .0001%), this would "significantly interfere" with the exercise of national-banking powers—specially, the power to "receive deposits and engage in any activity incidental to receiving deposits," expressly granted by an OCC regulation. *Id.* at *8-*9. The court did not provide any account of what the word "significantly" means. Instead, it treated the OCC's regulation as if it were a federal statute and relied on cases doing the same—plus pre-Dodd-Frank cases treating the preemption standard as "remarkably low." *Id.* at *9-*10 (citing *Baptista*, *Gutierrez*, and *Monroe*). The court interpreted the OCC's grant of authority to include "the incidental power to determine appropriate interest rates," and expressed concern that a banking-specific interest-rate requirement would "micro-manage"—that is, control—"the deposit procedures of banks," and thus cleared the "low" bar for preemption. *Id.*

*Capital One* is doubly irrelevant here. Even if the OCC could give itself the power to preempt by simply promulgating a regulation articulating a particular banking power—a proposition that contradicts Dodd-Frank and that the Supreme Court has never endorsed—Bank of America has identified no such regulation here. It relies only on general grants of statutory authority that do not even refer to escrow accounts. And New York's law, unlike the hypothetical discussed in *Capital One*, does not regulate the deposit procedures of banks. It applies to all mortgage lenders who *administer* escrow accounts—even *non*-banks—and requires only modest quarterly payments to such accounts. Further, as Dodd-Frank confirms, the preemption standard isn't "remarkably low," the control test is not the law, and the term "significantly" is not superfluous.

Respectfully submitted,

*/s/ Jonathan E. Taylor*
*Counsel for Plaintiffs-Appellees*

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741    F 202 888 7792
guptawessler.com