

Issues & Appeals

September 24, 2025

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Cantero v. Bank of America, N.A.*, No. 21-400; *Hymes v. Bank of America, N.A.*, No. 21-403 (argued March 3, 2025); Rule 28(j) letter – *Conti v. Citizens Bank, N.A.*, No. 22-1770 (1st Cir. Sept. 22, 2025)

Dear Ms. Wolfe:

As Bank of America recognizes, the First Circuit's decision in *Conti* is on all fours with this case. The only way that Bank of America can be right, then, is if *Conti* is wrong. And indeed, that's the only argument that the bank makes in trying to carry its burden of establishing preemption.

But none of its attacks land. *Conti* provides a compelling application of the correct preemption standard—and the most comprehensive assessment of the relevant Supreme Court cases that any lower court has produced. In doing so, it rejects every argument that Bank of America has made here.

Like the bank in *Conti*, Bank of America has identified no "expressly granted" power akin to the powers in *Barnett Bank* and *Fidelity*. Op. 34. Its attempt to manufacture express authority by resurrecting the OCC's preemption rules—which even the Solicitor General abandoned as lawless, Supp. Br. 9-10; Supp. Reply 5 n.1—says all that there is to say on this score.

Nor has Bank of America "developed any substantial argument about the [New York statute's] practical effects" or "established that [the] statute is out of step with the federal statutory scheme [as in] *First National Bank of Jose* and *Franklin*." Op. 31-32. Although New York's statute has a clause that theoretically allows interest above 2%, that clause (to our knowledge) has never been invoked, so it has had no practical effect. Nor are the plaintiffs seeking to enforce that clause here. They're seeking to enforce a rate at or below 2% given the 2018 wild-card rule. And if the clause ever were invoked and held preempted, state-severability and federalism principles would limit preemption to only that clause.

In any event, as *Conti* explains, Congress has expressly mandated compliance with state interest-on-escrow laws—including New York's—for many mortgages. This provides strong evidence that none of these laws are "inconsistent with the federal-banking scheme" or so "unusual" in practice as to be preempted. Op. 31. And, as *Conti* details, Bank of America's "patchwork argument" and appeals to "flexibility" and "efficiency" are field-preemption arguments in disguise and defy *Cantero*. Op. 32-40.

Respectfully submitted,

*/s/ Jonathan E. Taylor*
*Counsel for Plaintiffs-Appellees*

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741     F 202 888 7792
guptawessler.com